[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-1413

JULIA TIRADO, ET AL.,

Plaintiffs, Appellants,

v.

U.S. DEPARTMENT OF VETERANS AFFAIRS, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Selya and Stahl, Circuit Judges. 



Emilio F. Soler for appellant. 
Lowell V. Sturgill, Jr., with whom Frank W. Hunger, 
Assistant Attorney General, Guillermo Gil, United States 
Attorney, and Robert S. Greenspan, Appellate Staff, Department of 
Justice, were on brief, for appellees.



March 11, 1997



Per Curiam. We affirm the judgment below on the basis Per Curiam. 

of the district court's well-reasoned order dated February 5,

1996. We add only a brief comment.

The concept of an ordered liberty requires that the law

draw temporal lines. Any time such a line is drawn, however,

there will always be litigants who fall just short. Holding the

line in those instances may seem harsh, but it is essential to

the proper functioning of our legal system.

This is such a case. Under a valid and concededly

applicable regulation, 29 C.F.R. 163.214(a)(1)(ii) (1992), the

plaintiff had to file her complaint charging discrimination in

employment with the EEOC within 15 days of receipt of the Notice

of Final Interview. The plaintiff missed the deadline by eight

days. And, while equitable tolling, as the plaintiff argues, is

available in an appropriate case, see, e.g., Irwin v. Department 

of Veterans Affairs, 498 U.S. 89, 95-96 (1990), the contours of 

the exception are narrow and its use is rare, see Jensen v. 

Frank, 912 F.2d 517, 521 (1st Cir. 1990); Mack v. Great Atl. & 

Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989). 

In this case, we agree with the lower court that the

facts of record, even when taken in the light most favorable to

the plaintiff, do not permit the invocation of the doctrine.

See, e.g., Kelley v. NLRB, 79 F.3d 1238 (1st Cir. 1996). Among 

other things, there is no factual support for a finding that the

untimely filing resulted either from conduct attributable to the

defendants or from circumstances beyond the plaintiff's control.

2

Applying the test laid down in Kelley, 79 F.3d at 1249-50 an 

appeal which, on the facts, perhaps presented a more compelling

(but, nonetheless, still unsuccessful) case for equitable tolling

the plaintiff is plainly not entitled to relief. Her Union's

blunder, like the plaintiff's lawyer's error in Kelley, is fully 

chargeable to her.

We need go no further. The judgment below is 

Affirmed. Affirmed 

3